## BEAN *vs.* MAYO & AL.

A covenant in a deed that the land is free from incumbrance, is broken by the existence of a mortgage previously given by the grantor to the grantee.

But in such case, the condition of the mortgage not being broken, nor the mortgage discharged, the damages are but nominal.

THE defendants in this case, having purchased of the plaintiff a tract of land, and mortgaged it back to him to secure the payment of the purchase money; they afterwards conveyed to him in fee a small parcel of the same premises, by deed of general warranty, with the usual covenants. The plaintiff thereupon brought this action of covenant broken, against them, alleging that they had covenanted that the land was free from all incumbrances, when in fact it was incumbered by their mortgage to himself. The tenants had oyer of the mortgage, which is the same deed mentioned in the preceding case, and demurred generally to the declaration.

*Allen*, in support of the demurrer, contended that the covenant of

Bean v. Mayo & al.

freedom from incumbrances must be taken to relate to titles in third persons, adverse to the grantee ; and was analogous to the covenant of seisin in fee, which is never held to be broken by an existing seisin *de facto* in the grantee. These covenants relate to such incumbrances or seisins as may defeat the estate granted, operating on the grantee by compulsion ; and are inserted only for his protection. *Fitch v. Baldwin* 17. *Johns.* 161. There is always an implied exception of titles and claims already existing in him. *Leland v. Stone* 10. *Mass.* 469.

*R. Williams*, for the plaintiff, said that he was justly entitled both to his debt secured by the mortgage, and to the money he had paid for the title in fee. But if it should take all the land to pay the debt, he would be remediless, unless he could recover in this action. The knowledge of the grantee that there is an outstanding title or incumbrance, does not take away his right to recover damages. He relies on his covenants for protection. *Townsend v. Weld* 8. *Mass.* 146. *Ingersol v. Jackson* 9. *Mass.* 495.

Weston J. delivered the opinion of the Court.

At the time the defendants entered into the covenant to the plaintiff declared upon, that the premises were free of all incumbrances, they were in fact incumbered by an existing mortgage to the plaintiff. It has been contended that the operation of this covenant must be limited to incumbrances made to third persons, and cannot be held to embrace such as may have been made to the plaintiff; but we cannot admit the soundness of this distinction. The covenant was general and unqualified. The plaintiff did not purchase the mere equity of redemption. The mortgage was not extinguished, as it respects the land to which the covenant attached. The plaintiff chose to retain his title as mortgagee, under the former conveyance. He might have assigned the mortgage, and his assignee would have had a lien upon the land, to the extent of the debt due. The covenant then was in strictness broken ; and the plaintiff had thereupon a right of action. The next question which arises is, for what amount of damages is he to have judgment ? The condition in the deed, creating the incumbrance, has not been broken. It is not

certain that it ever will be. The defendants are entitled to the benefit of the term limited, within which they may perform the condition. The plaintiff has no right to demand or to enforce payment at an earlier period. It is not pretended that he has removed, released, or extinguished the incumbrance ; but it still remains as it existed on the day the deed declared upon was executed. Upon these facts we are very clear that the damages to which he is entitled can be only nominal.

The plea in bar is adjudged bad ; and judgment is to be rendered for the plaintiff for one dollar damages.